UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER HANSEN,

    Plaintiff,                                Hon. Paul L. Maloney

v.                                                  Case No. 1:22-cv-1002

KALSEE CREDIT UNION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff initiated this action October 27, 2022, against Kalsee Credit Union. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this action be dismissed.

## ANALYSIS

    A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff's initial complaint, handwritten and four pages in length, is illegible. The Court simply cannot discern the nature of Plaintiff's claims or the facts on which such claims are based. Furthermore, the attachments to Plaintiff's complaint provide no guidance as to the nature or basis of Plaintiff's claims.

Federal Rule of Civil Procedure 8 provides that a viable complaint must contain a "short and plain statement" of the basis for the Court's jurisdiction as well as a "short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Plaintiff's initial complaint fails this standard. But rather than dismiss Plaintiff's complaint for failure to state a claim, the Court afforded Plaintiff an opportunity to submit an amended – and legible – complaint. (ECF No. 5). The Court's Order expressly cautioned Plaintiff that if he failed to submit a legible amended complaint, this matter would be dismissed for failure to state a claim. Plaintiff's response to the Court's Order was, again, illegible. (ECF No. 6). Because the Court cannot decipher or interpret Plaintiff's handwriting, the undersigned recommends that this action be dismissed for failure to state a claim. *See, e.g., Moss v. United States*, 329 Fed. Appx. 335, 336 (3d Cir., May 1, 2009) (if a plaintiff is afforded an opportunity to amend an illegible complaint, but fails to correct such deficiency, dismissal is appropriate); *Mason v. Kent*, 2021 WL 9544910 at *1 (W.D. Tex., Mar. 11, 2021) (same).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) and his amended complaint (ECF No. 6) both be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: November 8, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge